IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEM BROWN,<br><br>Plaintiff,<br><br>v.<br><br>J. DAVID MEYER, ESQ.,<br><br>Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-5468 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Raheem Brown, Plaintiff Pro Se
#222987
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Plaintiff Raheem Brown seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against his attorney, J. David Meyer. (Complaint, Docket Entry 1). Based on Plaintiff’s affidavit of indigency and *in forma pauperis* application, (Docket Entry 1-1), his request to proceed *in forma pauperis* is granted.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

Plaintiff is a pretrial detainee at the Atlantic County Justice Facility ("ACJF"). He alleges that on June 30, 2014, he appeared before Drug Court Judge Connor, "who could be a victim on my case." (Complaint ¶ 4). The complaint alleges Mr. Meyer failed to request a change in venue due to the judge's conflict of interest. (Id.). Plaintiff requests this Court remove Mr. Meyers from Plaintiff's case, order a change of venue, and reinstate his Drug Court application. (Id. ¶ 5).

**III. STANDARD OF REVIEW**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "pro se litigants still must allege sufficient facts in their

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**IV. DISCUSSION**

Primarily, the complaint must be dismissed as Mr. Meyers is not a "state actor" within the meaning of § 1983. The complaint does not state whether Mr. Meyers is privately retained or a public defender; in either case, attorneys are not acting under color of state law in the course of representing a defendant. *See Polk Ctny. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff has not alleged a set of facts under which this Court could reasonably infer there was a close nexus between the state and Mr. Meyer. The complaint has therefore failed to state a claim under 42 U.S.C. § 1983 and must be dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's complaints regarding his attorney's performance are more appropriately brought in a habeas corpus petition under 28 U.S.C. § 2254 after he has exhausted all of his state court remedies. The Court declines to

open such a petition at this time as it appears from the complaint that proceedings are still underway in state court.[1] The dismissal of his complaint is without prejudice to Plaintiff's ability to raise these claims in a § 2254 petition after he has exhausted state court remedies.

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed for failure to state a claim. An appropriate order follows.

**March 31, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

[1] It would additionally be inappropriate for this Court to interfere with ongoing state criminal proceedings due to the abstention doctrine as announced in *Younger v. Harris*, 401 U.S. 37 (1971); *see also Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010) ("[F]ederal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding.").